EMBRY, Justice.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
By quashing the writ in this case we wish to be clearly understood as not approving the statement in the opinion of the Court of Criminal Appeal’s opinion:
“When the neurosurgeon gave his opinion as to Mrs. Thompson’s loss of memory, presumptively — in the peculiar facts of this case — it became apparent that she was incompetent to stand trial because she had lost (with or without her fault) a faculty necessary to tell her lawyer about the incident. This virtually shifted the burden to the prosecution. * * *”
The neurosurgeon’s testimony made an issue for trial of the effect of Mrs. Thompson’s amnesia upon her competency to stand trial. The most widely accepted test as to when amnesia renders one incompetent to stand trial is whether that amnesia renders a defendant incapable of: comprehending his position; understanding the nature and object of the proceedings against him; participating in the conduct of his defense in a rational manner, and cooperating with counsel to the end that any available defense may be interposed. See Edgerson v. State, 53 Ala.App. 581, 302 So.2d 556 (1974); 21 Am.Jur.2d, Criminal Law, § 63; Annot., 46 A.L.R.3d, pp. 552-553.
TORBERT, C. J., and BLOODWORTH, FAULKNER, JONES, SHORES and BEATTY, JJ., concur.
MADDOX, J., dissents.